S.Q.S.P. San Quentin, CA. 94974.

FILED

JUL 16 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA.

No.: C-07-05040 SBA(pr)

Rusty Alan Sims, plaintiff.

v.

CA DEPT of CORRECTIONS

Sergeant Lamboy;

chief medical officer,

Defendants

Request for plaintiff
To file Supplement To
plaintiffs original Claim.
And Amendment of
names of defendants.
Plaintiffs Supporting
Declaration.

TO THE HONORABLE SAUNDRA BROWN ARMSTRONG

OF THE ABOVE ENTITLED COURT,

DECLARATION

PLAINTIFF Rusty Sims comes before your honor

at this time to request formal permission to

make a part of the original Claim, Filed on

September 28 2007, as a supplemental

memorandum and declaration of plaintiff, the

enclosed 14 page Declaration w/ memorandums

of points and Authorities, and that plaintiff

be allowed to Amend the original complaint

To include the names of the following people

as defendants in the afore enumerated action:

1). LT. D. schlosser - Correctional Lieutenant

C-07 05040 SBA (PR)                    -1-

1  at San Quentin State prisons Adjustment
2  center Segregated condemned housing unit.
3  And to remove the California Department of
4  corrections, as an entity, from the complaint
5  and change for all the records, all defendants.
6  to be listed as the following:
7

8  (1). Correctional Sergeant Lamboy ;    Defendant
9  (2). correctional Lieutenant D. schlosser; Defendant
10 (3). correctional captain R.w. Fox ;  Defendant
11 (4) and chief medical officer of    Defendant
12 San Quentin State prison.
13 (5) Associate worden D.A. Dacany.      Defendant.
14     plaintiff requests that he be given permission
15 to update list of ~~plaintiffs~~ defendants as
16 Correctional Lieutnant D. schlosser ; Correctional
17 captain R.w. Fox have contributed to
18 Deliberate Indifference of numerous prisoners
19 medical needs by invalidating ALL medical
20 chronos in plaintiff's current Housing unit
21 and are BOTH directly responsible for
22 plaintiffs current medical issues and reason
23 for plaintiffs Writing, and requesting to
24 add to the original claim as a supplemental
25 filing, the enclosed 14 page Declaration
26 with attached exibits — plaintiffs entire  A-1,(A)-A23
27 medical History at San Quentin, which also
28 ~~was~~ not available to plaintiff at the

< 07-05040 SBA (PR)    -2-

1  time plaintiff filed his original claim.
2  of 9-28-07
3      In the proposed Supplemental Declaration
4  plaintiff will demonstrate with documented
5  evidence in the form of a writing facsimile
6  That there is still an ongoing and systematic
7  Break down in custody cooperation with
8  medical Doctors Diagnosis's and Accomodations
9  issued to plaintiff for his degenerative
10  Nerve problem, which has caused his current
11  mobility impairment and disability, and
12  plaintiff has further demonstrated conclusively
13  that there is a very flagrant disregard for
14  plaintiff's medical needs and that
15  contrary to ~~state questions vs. james a. neil & ship~~
16  ~~824 f2d 858, 859-87(9th cir 1982) which holds that~~
17  ~~Director of penal institutions, Correctional Administra-~~
18  ~~torial & Superintendent liable for therefor~~
19  the Eighth Amendment Clause against cruel &
20  Unusual punishment, defendants and proposed
21  list of Amended list of defendants, Continuosly
22  Violate plaintiffs right to Adequate medical
23  care, and medical appliances under The Americans with
24  Disabilities Act.
25      In Farmer v. Brennan — U.S. — 114 S. CT. 1970
26  (1994), it states: "we think that if the claim is that
27  Supervisory Staff... LT D. Schlosser is the officer who
28  ordered all Subordinate officers to act to deny

1  the validity of Accomodation Chrono - listed
2  as Exibit A-14 in enclosed supplemental
3  Declaration — ..failed to act on Eighth Amendment
4  Violations committed or allowed by Subordinates, their
5  Supervisory liability can Still be based on Failure to
6  respond to risks that were "obvious'... (after reviewing
7  all of the attached exibits in supplemental
8  Declaration, it can hardly be argued that it
9  isn't obvious that I am at risk now of further
10  damaging my foot based on Supervisors role in
11  denying me access to my prescribed medical
12  device)... or that they "should have Knowns" about.
13  This is because the law of Supervisory liability
14  is part of the statuatory interpretation of
15  42 USC § 1983"...
16

17    "A defendant may be held liable" if the defendant set
18  in motion a series of events" - LT D Schlosser, w/
19  R W. Fox's, and Chief medical officers approval,
20  a series of events which denied me access to a
21  medical appliance. ① He heard an administrative
22  medical appeal he wasn't qualified to hear; ②
23  He predated a Fraudulent document (see <u>Exibit</u>
24  <u>A-17</u>) by over a month, which was then Signed
25  and approved and Fraudulently dated as well
26  by his supervisor: Associate Warden D. A. Dacany;
27  ③ He created a document based on the Fabricated
28  medical document in Exibit A-17, in Exibit A-15

C 07 05040 SBA (PR)  ·4-

1. which was used to corroborate his claim that the
2. medical chrono had been invalidated; (4) and he
3. instructed his subordinate officers to act in
4. Bad-faith in that they had instructions from
5. him, the supervisory officer, to tell me that my
6. "Shoe-chrono" was not any good, — that he knew
7. or reasonably should have known — (he knew cause
8. I told him it was a violation of the Eighth
9. Amendment, to which he responded "So go ahead
10. and sue me") — "would cause a constitutional
11. violation, even if others actually performed the
12. violation." (See conner v. Reinhard, 847 f.2d 384, 397 -
13. (7th cir) and Greason v. Kemp, 891 f.2d 829, 836 -
14. (11th cir. 1990) "a supervisor can be held liable under
15. section 1983 when a reasonable person in the supervisors
16. position would have known that his conduct infringed
17. the constitutional rights of the plaintiff".
18.
19. After reading the enclosed supplemental
20. Declaration v/ memorandum of points and
21. Authorities, it is easy to see that
22. Plaintiff continues to be placed at risk by
23. Deliberately Indifferent supervisors who act
24. in Bad Faith, Lie, Fabricate, Forge, and
25. do whatever they can to deny plaintiff access
26. to medical devices which have been prescribed
27. on Both occasions.
28.

C 07 05040 SBA (PR)        - 5 -

# CLOSING

Taken in its totality, plaintiff has shown good cause to add the enclosed: "Supplement for plaintiff's original claim regarding denial by custody staff of plaintiff's Americans with Disabilities Accomadation"; "Declaration"; "memorandum of points and Authorities"; and Attached exibits."", as well as cause for Amending the claim to Add 3 defendants and subtract one from original moving papers. Proposed claim would read:

Rusty Sims, plaintiff
v.
correctional Sergeant Lamboy, et al.
                    defendant.
( correctional Lieutenant D. Schlosser;
correctional captain R.W. Fox;
Associate warden D.A. Dacany;
and chief medical officers
Toutel (current) and Sailor (previous).

and furthermore, plaintiff has shown good cause to Amend the list of defendants to that which is shown above.

- 6 -

1  there is neither Constitutional, nor Statutory
2  Authority, to plaintiffs knowledge, which would
3  not allow plaintiff to make the necessary
4  Amendments and additions to plaintiffs
5  original claim.

6

7                    Verification
8     I, the undersigned declare the foregoing true and
9  correct to my knowledge, and to that which is
10 on trust and belief, I believe that true
11 as well. This was executed on 7-11-08
12 at Marin county, CA.

13

14

15   7-10-08                        Rusty Sims

16

17                        _____

18                        Plaintiff En prose

19

20

21

22

23

24

25

26

27

28

Additional Citizens
Complaints
attachments.

Rusty Sims 507741
S. 01.50    1-AC-66
San Quentin, CA
94974

1    Plaintiff Pro-Per.

2

3

4        IN THE UNITED STATES DISTRICT COURT FOR

5    THE NORTHERN DISTRICT OF CALIFORNIA.

6                                        No. C 07-05040 SBA (PR)

7    RUSTY ALAN SIMS              Supplement for plaintiffs

8            Plaintiff,              original claim Regarding denial,

9    V.                              by custody staff, of plaintiff

10   CA DEPT OF CORRECTIONS, et al,  Americans with Disabilities

11          Defendants.             Accomodation. PLAINTIFFS

12                                  DECLARATION.

13       TO THE HONORABLE SAUNDRA BROWN ARMSTRONG, JUDGE

14   FOR THE ABOVE ENTITLED COURT.

15

16       HERE COMES BEFORE YOU THIS MOST HUMBLE

17   PLAINTIFF IN REGARDS TO CONTINUOUS MEDICAL NEGLECT

18   AND INTENTIONAL DENIAL OF A MEDICALLY PRESCRIBED

19   ORTHOPEDIC NECESSITY. PLAINTIFF ASK'S THAT THIS BE

20   CONSIDERED AS PART OF ORIGINAL COMPLAINT FILED

21   IN THIS COURT ON SEPTEMBER 28TH 2007, OR AT LEAST

22   CONSIDERED AS ONGOING ABUSE AND VIOLATION OF MY

23   EIGHTH AMENDMENT GUARANTEE AGAINST SUCH ACTIONS.

24

25                    I.

26           FACTUAL SUMMARY

27       IN 1996, OR THERE ABOUTS, PLAINTIFF SUSTAINED A

28   VERY SERIOUS INJURY TO HIS LEFT FOOT WHICH CAUSED A

2

1   MAJOR DISABILITY TO DEVELOPE WHICH HAS SINCE
2   REQUIRED TWO CORRECTIVE OPERATIONS AND A
3   PERMANENT CONDITION CALLED COMPLEX REGIONAL
4   Pain Syndrome w/ ~~Reversympathy symptotic aeroly~~ Reflex sympathetic
5   Dystrophy.
6   During plaintiffs last 3 years of incarceration at
7   San Quentin State prison his medical condition has largely
8   been undiagnosed or wrongly diagnosed and has caused one
9   problem after another including frequent medicate changes,
10  not getting to see a Doctor, medication being Discontinued
11  which is given for the high amount of pain plaintiff
12  constantly experiences due to the degenerative Nerve
13  condition he has, medical accomadations issued under
14  The federal Americans with Disabilities Act being
15  confiscated - I.E. plaintiff was issued a walking cane
16  in 2007 by Dr Dascko in EastBlock condemned
17  housing unit (see exibit A) and in April of 2007
18  a sergeant Lambay asked ~~whether~~ plaintiff to see his
19  cane while ~~standing~~ plaintiff stood in the first tier Sally port of A/C
20  awaiting a scheduled appointment. Plaintiff handed his
21  prescribed cane to Sergeant Lambay who immediately
22  confiscated it and made a decision on his own to
23  desregard plaintiffs prescription and need for a cane.
24  This was the Catalyst which caused plaintiff to
25  file a civil rights Claim. During plaintiffs 3 year
26  ~~his~~ incarceration at this community he has seen
27  numerous specialists and consultants and has had
28  a number of medical accomadations issued by trained

2

1    professional Doctors due to plaintiff medical

2    condition. See exibitis B —— A-23, which show

3    the chronos issued so far, as well as any extensive *plaintiffs*

4    medical history.

5

6        In this current situation and grounds for this

7    supplement, plaintiff was issued another soft shoe

8    chrono by Doctor Don Griffith. See Exibit A-14

9    which was issued again on 3-27-08 after a consulta-

10   tion w/ pediatrist on 3-26-08, where Doctor Griffith

11   renewed shoe chrono and also who wrote on same

12   accomodation chrono for no plaintiff to not be

13   required to wear the leg shackles which are

14   relatively new measure here in the adjustment center (A/C)

15   and don't take into consideration peoples medical

16   conditions. On 3-27-08, the facility chief

17   medical officer Approved the Accomodations which

18   legitimized the chrono and verified that it was

19   on par with existing medical practices and

20   procedures here. On 3-31-08, I was escorted

21   to the second tier *in A/C* to have an 'ADA appeal' heard

22   and instead of the medical issue being raised on

23   the form being addressed by the medical Appeals department,

24   LT. D. Schlosser, who's NOT qualified as a

25   medically trained person and therefore familiar with

26   medical necessity, LT Schlosser informed me that *heard*

27   because I had been secretly filmed while on

28   our recreation yard doing calisthenics and exercise

1. See exibit A-15— that he would be showing
2. this "Secret footage" of me exercising in an
3. attempt to disrupt discredit my need for
4. soft shoes and to not have to wear leg shackles
5. this is obviously very scaralous and less than
6. honest, but isn't a big deal because when I do
7. exercise, I can place my weight on my
8. right foot, which I do and which wouldn't
9. be viewable from 2 stories up and over
10. 50 feet away while I was exercising; F.E.—
11. doing pushups and Aerobic type exercises.
12. The human body is amazingly resilient
13. and we have gotten so far as a species
14. because of our ability to adapt. We constantly
15. see people who overcome physical limitations
16. such as surfers who have had limbs removed
17. by sharks still surfing; or people w/ no
18. arms, or no legs, still driving cars. Is it
19. such a stretch that a healthy person like
20. myself could exercise without placing
21. weight on his left leg or foot? I don't
22. think so. And I'd bet those other millions
23. of people who accomplish amazing
24. feats to avoid being overcome would agree.
25.     I have included a number of exibits
26. to show I have a long history of medical
27. care and have legitimate medical needs. I
28. take your Attention specifically to the —

5

following exibits. ① Exibit N ; ② B ; ③ C ; ④ E
⑤ F especially , ⑥ 6 ; ⑦ H ; ⑧ I ; ⑨ J ; ⑩ K ; ⑪ L
⑫ M especially - goes along with exibit F ; ⑬ O
⑭ R ⑮ especially W ⑯ X ; ⑰ Y ⑱ A-1 especially ⑲
⑳ A-3 and A-4 ; ㉑ A-5 ; ㉒ A-6 - A-7... should be noted
that even this long ago, officers have seen me exercising.
And EVERY Doctor has still determined I have a
disability which requires special shoes and pain
medicine and a cane. Exercising actually helps
me some , to get blood circulating properly
through my leg and foot. It also keeps me from
gaining alot of weight on the high carbohydrate
diet that the prison has I have hepatis c
and have to take care of myself... ㉓ A-9 especially
        All of this medical history is necessary for
complete understanding and plaintiff did not have
access to the enclosed medical records at time
of filing civil complaint C-07 05040 SBA (PR).
                on 4-1-08, I received the newest
shoe chrono and other from 3-26-07 and on 4-3-08
when officers puresco, and officer morris came to
take me to film go outside for recreation, I was
informed by officer morris that "Your chrono still
has to be approved". See exibit A-14, which
CLEARLY shows that the chief medical officer HAS
approved the chrono, and therefor, once again, my
civil rights were violated and custody made an
uninformed decision to deny my ADA accomodation.

1  which as All of the enclosed exibits show, is
2  necessary. Well, I go out to the yard in shower
3  shoes and because the shower shoes are foam and very
4  Thin, All of the gravel on the yard was hurting my
5  foot and the leg shackles which were deemed
6  in appropriate - see exibit A-14 - were put
7  on me and I was in a lot of pain.
8       Endorsed when I came back inside from
9  recreation, I happened to see LT D. Schlosser
10  in the property room, which is Adjacent to
11  the back door to the recreation Yard area, and
12  I asked him "why are you messing around with
13  my medical needs" and he said "what do you
14  mean"? and I said Your trying to ignore my
15  Shoe chrono and need for no shackles" he
16  responded "That chrono is not Valid and it
17  wont be honored" I asked him if he was
18  trained as a physician or podiatrist and he
19  didnt answer. He went on to say that HE
20  "had the chrono cancelled." (although this is
21  not something he can do as a custody officer)
22  ...on 3-28-08, the day after it was issued, but
23  he didnt even see me on the second tier until
24  3-31-08 about filming the DVD, so he was
25  obviously lying, as that is a 3 day difference.
26       Shortly After, officer marcus
27  came to my cell and handed me Exibit A-15
28  which clearly has absolutely no merit since I am

7

1  verified as disabled and am in a housing unit
2  which is predominantly all death row prisoners,
3  3 or 4 of which also have no shackles/Leg Iron
4  Chronos due to medical reasons, and considering
5  they are on Death Row, this is ridiculous that
6  I am being targeted out of Everyone else in
7  this unit on Death Row who also has Shoe
8  Chronos or no Leg Irons Chronos. this is
9  un-acceptable to my medical condition and
10  will exacerbate the problem and continue to
11  ~~exist~~ degenerate if my medical accomodations
12  under the federal Guidelines for the ADA act
13  are ignored, and the accomodations given by DR Griffith and
14  subsequently approved by Chief medical officer are ignored.

15                    II.

16              Legal Argument

17

18  A  "persons in charge of prisoners have a duty to see to it prisoners
19  in their custody who are in need of medical care receive it. This duty is recognized
20  in the Penal code provisions that prohibits" the allowing of any lack of care
21  Whatever that would injure or impair the health of the prisoner, inmate, or
22  person confined. Pen c § (H 673 )" clearly, when one looks at the attached
23  exhibits - A - A-~~23~~ there is a clear need of medical necessity and not
24  an issue which in itself is convoluted or made up by this plaintiff.
25  ~~In addition~~ This is a question of deliberate indifference as a state of
26  mind pre-requisite and once one looks at the clearly forged
27  documents, predated by over a month, and singed by
28  Correctional Lieutenant D. Schlosser - See Exhibit's A-16 and A-17

8

1  Then one can begin to see a pattern of deliberate indifference
2  and this is where the violation of Plaintiffs Eighth Amendment comes
3  into play. In Exhibit A-16, which is a Reasonable accomodat-
4  ion request, which falls under the Americans with Disability
5  Act, you'll see a Reasonable Accomodation for personal
6  shoe chrono to be renewed. If you turn it over, you'll
7  see that on this original, the podiatrist Don Griffith
8  granted this accomodation and added that I "should not
9  wear leg irons at any time" as is also stated
10 on exhibit A-14 and was granted by the same
11  podiatrist, and Approved by the institution's
12 chief medical officer. Now, if you look at
13 Exhibit A-17, which was obviously copied one-sided by
14 LT D. Schlosser on the front side only and he
15 left the back blank, and what he wrote completely
16 contradicts what the Doctor wrote on the original.
17 under Pen C. § 471,470 Forgery in the state of
18 California is a Felony, and not only that, this
19 clearly indicates a willingness to not only not
20 uphold the law as a sworn Law officer, but gives
21 the prerequisite Intentional Indifference requirement
22 to warrant an Eighth amendment violation. On this
23 ground alone, my claim should be granted.
24 In Exhibit A-15, LT D. Schlosser writes an "informational
25 chrono", in which he states in part: "That my (your) request to
26 be able to wear my (your) personal shoes is still under review...
27 although Dr. Griffith granted Exibit A-16 and A-14 and
28 was approved by both the Doctor and the C.M.O.-

9

(you)
1  and that,after review is needed to determine whether or not I
(your)
2  need my shoes and no leg front." he further states that" wearing
3  personal shoes is contrary to unit procedure", but for two
4  reasons this is error: (1) Numerous prisoners have personal
"A/c"                                              with
5  shoes here as long as they are in accordance to with
rules
6  stringent Colors and features, and as long as a Doctor
7  of Podiatry and CMO approve the request, and (2)
8  Under Both the Eighth Amendment AND Durmer v. O'carroll,
9  991 F.2d 64, 69 (3d cir. 1993) (~~~~~~~~~~~~~~~"Ec Jail (prison)
10 staff delay (recommended medical treatment, for non-medical
11 reasons ... (The security reasons listed on Exhibit A-15 do not
12 relate to medical needs)—the Eighth Amendment is violated),
13        So, here we have an officer who is Sworn to
14 uphold the law; who is sworn as a correctional officer (not
15 a Doctor); and who has fabricated a CDCR document which
16 is the CDCR document to be in compliance w/ ADA guidelines,
17 and who has made an independent decision on 4-3-08
18 contrary to what he says in his chrono - Exhibit A-15 —
19 That my shoe chrono wont be honored nor will the
clause
20 no leg front. This Clearly amounts to a very high
21 Deliberation of Indifference. and Clearly I was not
22 supposed to receive Exhibit A-16 with A-17 or at
23 all and that A-17 also was what LT. D.Schlosser intended
24 to become a matter of record since I received them on
25 4-4-08 and he signed it 5-2-08. This very likely
26 would meet the Malice and Forethought Standard of
27 Criminal prosecution as well since his un-medical
28 decision to lie and fabricate a report Clearly will have

- 9 -

10

1  the Adverse affect of causing me a great amount
2  of additional and unnecessary pain because unlike when
3  I exercise and am not ambulating out of place,
4  I cannot avoid placing additional weight on my
5  left leg because of the limited step I can take
6  with approx. 1 and a half feet of chain attached to
7  my legs.

8

9  **B.** "Deliberate indifference" is the minimum mental state   Irwin v. City of Hemet, 22
10 required to constitute a deprivation of rights   4th 507, 4th Dist. 1994)
11 Can it be doubted that in March or April of last year
12 in 2007, that with an active care chrono - See Exibit
13 A, that when Sgt Lambay told me to "give him my
14 care" and then never gave it back, thus denying me
15 a medical accomodation under ADA, or that
16 LT D. Schlosser fabricating reports and lying
17 on CDCR documents, did not or ~~has~~ not set the   that does
18 Deliberate Indifference Clause? Clearly it does. For that, plaintiffs
19 Claim should be granted in its entirety and just on that merit alone.
   Hudson v. McMillian 503 U.S. 1, 112 Sct 995;
   117 L. Ed. 2d 156 (1992
20 ~~post~~ ~~~~ states in part: "when prisoner officials
21 ~~may have~~ failed to attend to a prisoners
22 medical needs, the appropriate inquiry is whether the
23 officials exhibited deliberate indifference to such needs."
24 and in U.S. Constitutional Amendment 8. Clement v. Bonez,
25 298 F. 3d 898 (9th cir. 2002), it states: "For purpose of inmates
26 Eighth Amendment Rights to proper medical care for serious medical
27 needs, a serious medical need is present whenever Failure to treat
28 a prisoners condition could result in further significant injury or

-18-

1  the unnecessary and wanton infliction of pain":
2  "Deliberate indifference to a substantial risk of substantial
3  risk of serious harm, for purposes of Establishing an Eighth
4  Amendment violation in failing to provide medical care to inmates
5  It evidenced only when the official knows of and disregards
6  an Excessive and a risk to inmate health or safety; The official must
7  both be aware of the facts from which the inference could
8  be drawn that a substantial risk of serious harm exists
9  and he must also draw the inference".

10        The fact that Sgt Zemboy knew I had an existing
11  Care Chrono ...(Per unit policy all medical chronos are copied
12  and are hanging in a log book in the first tier sergeants
13  office)...and yet made his own independent decision to
14  ignore it and deny my access to a medical necessity
15  and LT schloser actually fabricating documents from
16  copies of original documents, is clearly disregarding an
17  an risk to my the health and safety And LT D. schloser took
18  it one step further by fabricating a document from an
19  existing document to countermand what two trained doctor
20  already granted me.

21
22  ⊆ Barclays official California Code of Regulations
23  § 1200(a) States in part: "Medical; Dental; and mental
24  health matters involving clinical judgments are the Sole
25  province of the responsible Physician, dentist and psychiat-
26  rists or psychologist respectively".
27   This is obviously a wise thing because correctional
28  officers are in no more of a position to know anything

12

1   about advanced medical training, or even beyond a rudiment

2   knowledge unless they have gone to school for it, and Doctors,

3   similarly, dont know much about custody concerns.

4   In other words, the two couldnt switch positions.

5   So, it seems extremely inappropriate and

6   Bureaucratically unproffessional for an officer

7   to assume on the flimsiest sort of "evidence" imaginable,

8   that "because I exercise I am therefore not disabled."

9   Especially when this officer actually re-interprets

10  by fabrication, what a doctor had to say.

11

12  D.   under Title 15, Crime prevention and corrections, Division 3

13  Adult institutions, programs and parole Chapter 1, rules and

14  regulations and programs; § 3358, Artificial Appliance, (b) it

15  states: "possession of Appliance" "No inmate shall be deprived of a

16  prescribed orthopedic or prosthetic Appliance in the inmate possession

17  upon Arrival into the department's custody or properly obtained while

18  in the departments custody unless a department physician or dentist

19  determines that the appliance is no longer needed and the inmates

20  Personal physician, if any, concurs in that opinion. My doctor

21  Agreed and ordered the accomadation.

22      Obviously, Doctor Griffith would not have renewed

23  this plaintiffs Shoe Chrono on 3-26-08, and CMO

24  wouldnt have approved it on 3-27-08, if it wasnt

25  needed. and a solid judgement of whether or not I am faking

26  it is gained when one reviews Exibits A - A-23, which is

27  close to three years of medical treatment, and documentation.

28

-12-

13

1  Under the Eighth amendment, Jail staff, (and likewise
2  prison staff) must provide reasonably adequate care to
3  Prisoners with disabilities. (Leach v. Shelby county Sheriff,
4  891 F.2d 1241 (6th Cir. 1989)).
5
6                          III.
7          PLAINTIFFS DECLARATION
8
9      I, RUSTY SIMS, Declares:
10
11  ① I am The Attorney of record in this Action.
12
13  ② The plaintiff is currently confined in San Quentin State
14  Prison.
15
16  ③ ~~Believe that plaintiff~~ I am informed and believe that plaintiff Suffers from
17  The following Medical Condition And has been prescribed
18  The following treatment:
19
20      Plaintiff Suffers from Complex Regional pain
21  Syndrome ~~with Sympathetic~~ Reflex Sympathetic ~~Dystrophy~~, Which
22  Causes Constant Chronic Neuropathic pain in (L) foot and Leg.
23      Currently plaintiffs treatment includes but not
24  limited to ① 30 milligrams of morphine sulphate two times
25  daily; ② 300 milligrams of Neurontin two times daily; ③
26  permission to wear personal shoes whenever outside of
27  cell and ④, permission to not wear leg brace when
28  ambulating outside of cell. See Exibits A-14, A-16.

14

1 For a complete medical history, please see
2 all of the attached exibits.- Exibit A — 7 and
3 A-1 — A-23.

4

5 ④ ~~that all that~~ prison officials, specifically
6 LT D. Schlosser and SgT Lamboy have failed
7 to follow my recommended treatment, have failed
8 to allow me access to my medical needs, have,
9 as a result, caused an unnecessary and wanton
10 infliction of unnecessary pain I would otherwise have
11 less ~~have~~ of if I was not denied access to what
12 the doctor have all concurred with, and this explicitly
13 and ~~unintentionally~~ undeniably **M** satisfies the deliberate
14 indifference prerequisite to prove cruel and unusual punishment.

15                                    IV.
16                    VERIFICATION.

17

18       I, Rusty Sims, declare under penalty
19 of Perjury, to the best of my knowledge, the
20 foregoing true and correct. This was executed
21 4-5-08 at Marin County California.

22

23                              Rusty Sims
24                              _Rusty Sims_
25                              Plaintiff

26

27

28