Rusty Sims T-75226
S.Q.15.1.P. 1-AC-55
San Quentin, CA. 94974

FILED
SEP - 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rusty Alan Sims, plaintiff | Case: 07-cv-05040-SBA. Plaintiffs Request for service by marshall. Request for 15 Summonses. |
| v. | |
| Seargent Lanboy, Defendant et AL | Request for discovery. |

TO: THE HONORABLE SAUNDRA BROWN ARMSTRONG,

I.

HERE COMES BEFORE YOU plaintiff Rusty Sims, I am indigent and have in forma pauperis status. I, up until today — after reviewing the prisoners self-help litigation manual — didnt know I had to file Summonses. Because I am a prisoner, and defendants are all CDC employees, I have no way of knowing who to file summons on, or where. Therefore I ask for discovery of correctional Seargent Lanboy, chief medical officer Sailor's full name and address. This can be given directly to U.S. marshall specifically to process serve defendants. I also ask to be provided with 15 summonses. Thank you.

8-27-08

Rusty Sims

[signature]

C-07-05040 SBA    1

## II.

## PLAINTIFFS REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to rule 34, fed.R.C.P., the plaintiff requests that the defendants produce the documents listed herein within 30 days, either by providing the plaintiff with copies, or by making them available to plaintiff for inspecting and copying.

1) Any and all grievances, complaints or other documents received by defendants or their agents at San Quentin State Prison (hereto referred to as S.Q.S.P.) concerning mistreatment of inmates by defendants Lamboy & Sailor, and any memorand, investigative files or other documents created in response to such documents since their tenure began at S.Q.S.P.

2) Any and all policies concerning issuance of specialist approved medical accomodations, and policies regarding taking these accomodations.

3) The plaintiffs complete medical history from arrival at Department of corrections Jan 2003 — current, including from S-54361 CDC #.

4) The Adjustment centers Wardens memorandums about issuance of, compliance with, and grounds to take inmates medical appliances.

5) Plaintiffs unit Accomodation chronos list from Jan 2006 to current.

6). Any lists, logs or other documentation reflecting inmate grievances specifically dealing with the units denial of accomodations, prosthesis, and orthopedic devices from Jan 2006 — current, reflecting grievances, complaints filed by prisoners in the A/C from Jan 2006 — current.

7). Any and all documents created by any SQSP staff member, medical and custodial, in response to a grievance filed by plaintiff since May 2007 and other prisoners regarding denial of shoe chronos from March 2008 — current

8) Any and all documents created by any SQSP custodial or medical staff from Jan 2006 — current concerning plaintiffs medical care in The A/C and all other inmates being denied their Shoe Chronos from March 2008 — current, Not included in the rest of this list.

8-27-08            *Rusty Sims*
Rusty Sims  T-75224
S.Q.S.P  1-AC-55
San Quentin CA
    94974

## III.

PLAINTIFF'S Interrogatories and Request for production of Documents.

pursuant to rules 33 and 34, Fed. R. Civ. pro., The Plaintiff submits the following interogatories and requests for Documents to the defendants. You are directed to answer each of the interogatories in writing under oath, and produce each of the requested documents for inspection and copying within 30 days.

1). State the duties of defendant Sailor-Saylor, (EX-)chief medical officer at S.Q.S.P., If those duties are set forth in any Job description or other document, produce the document.

2). state the ~~duties~~ name and duties of defendant Seargent Lamboy, a correctional Seargent at S.Q.S.P., ~~~~ If those duties are set forth in any Job description or other document, produce the document.

3). State the duties, titles, and names of all staff members at S.Q.S.P. who have responsibility in evaluating, ordering, and ensuring that the orders of specialists at S.Q.S.P., and their prescribed treatments are followed through with. If these ~~~~ duties are set forth in any Job descriptions or other documents, produce the documents.

4). State the duties, titles and names of all staff members at SQSP who have legal authority to directly refuse, countermand or otherwise ignore a specialists, doctors or other medical professionals

C 07 05040 SBA                4

prescribed treatment for inmates at S.Q.S.P. If these duties are set forth in any job description or other documents, produce these documents.

5). State the procedures in effect from Jan 2006 — current at S.Q.S.P., and in the Adjustment center, for prisoners use of prescribed medical orthopedic devices. If the procedures are seperate in the Adjustment center than mainline SQSP, state both procedures. If these procedures are set forth in any policy, directive or other document, produce the documents.

6). State the names, titles and duties of all staff members then employed from Jan 2007 — Aug 2007, and from March 2008 - current, who have the responsibility for responding to, investigating or deciding inmate medical grievances. State how these appeals are kept track of. If these duties are set forth in any job descriptions, policies and directives or other documents, produce the document.

7). State the specific job descriptions of both defendants from Jan 2007 — Aug 2007.

8). State the procedures for following the Armstrong remedial plan, as outlined in Armstrong v. Davis, and the Americans with disabilities Act at S.Q.S.P., for remaining in compliance with these plans, and any penalties given by the institution, and by the state, for failure to comply with these plans.

9). State the rights of plaintiff Sims as they relate to obtaining and keeping an orthopedic device on several occasions as a disabled person under the Armstrong v. Davis and the Americans with Disabilities Act. If these procedures are set forth in any directive, manual, or other document, produce the document.

10). Any memorandum instructing Seargent Lamboy to confiscate plaintiffs cane.

## IV.
## REQUEST FOR ADMISSIONS.

1). The plaintiff has been verified as having a lower extremity disability per Doctor Wilson on 2-9-06.

2). That this disability affects plaintiffs ability to walk without an orthopedic device.

3). That DR Wilson listed SHOES as an orthopedic device for plaintiffs use

4). That subsequentially to this initial visit, plaintiff has further been diagnosed as having COMPLEX REGIONAL PAIN SYNDROME WITH REFLEX SYMPATHETIC DYSTROPHY.

6). That this condition has been diagnosed by Neurologist Mendius, Doctor Davey Wu, Doctor Daszco, AND PAIN SPECIALISTS and numerous other health care professionals since 2-09-06

C 07 05040 SBA                    6.

7). That ALL of these Doctors and specialists are much more qualified than any correctional officer in medical situations, and evaluations and can thus decide the validity of a need for a cane and personal shoes.

8). That sometime in May or March of 2007, Defendant Seargent Lamboy confiscated Plaintiffs cane.

9). That there was no memorandum or any other reason for defendant Lamboy to do this.

10). That in Feb of 2007, Doctor Darzco prescribed Plaintiff a wooden cane for the duration of a year.

11). That it is the routine and established procedure at SQSP to follow recommended and ordered treatment as it is relayed in an Accomodation Chrono.

12). That taking away plaintiffs cain violated his Eighth amendment Guarantee against cruel and unusual punishment And the intentional infliction of pain.

13). That Plaintiff has taken an increasingly stronger regime of pain medication since defendant Lamboy took plaintiffs cane in 2007.

14). That Every Single Doctors order, specialists order has been documented and placed in writing with original

orders going into plaintiffs medical records.

15). That right now there is documentation going back at least 5 yrs concerning this disability.

16) That it is established procedure and policy for 1 copy of all accomadation chronos be posted in a file called 'Unit Chronos', and hung on a nail, for readily available access to verification of any Doctors orders, in the Seargents office in the Adjustment Center.

17). That defendant Lamboy did not verify plaintiffs dependancy on a cane prior to taking plaintiffs cane.

18). That defendant Lamboy took plaintiffs cain out of retaliation.

19). That defendant Sayler (Sailor) was acting Chief Medical Officer at this time in march or may of 2007.

20). That after defendant Lamboy took plaintiffs cane in the south side first tier sally port, plaintiff initiated a series of complaints and grievances to the CMO (Sailor)

21). That these grievances went unanswered.

C07 05040 SBA                    8

22). That in July 2007, Sarah Norman came to visit plaintiff in a legal visit about this problem.

23). That Sara Norman, from Prison Law Office, recommended plaintiff pursuing legal action.

24). Defendants Sailor and Lambay have taken no action to comply with the cane chrono to this date.

25). That prisoners in the adjustment center are not allowed to use a cane, based on custodial decision.

26) That this violates plaintiff's rights as a disabled person, and that plaintiff has not been given any remedial accomodation since then.

27). Neither defendant took any action to ensure plaintiff received his cane back once he was moved from the Adjustment center back to East Block in April 2007.

28). That prisoners have canes in East Block.

29). The continued denial of orthopedic devices such as shoes (see amended complaint filed 7-16-08) and cues, when such a need exists that over 10 doctors and specialists have agreed it does, presents a substantial risk of irreparable damage, and causes constant pain and permanent disability to him.

C 07 05040 SBA                        9

pursuant to rule 36, Fed R.Civ.P., plaintiff requests the defendants make the previous admissions within 30 days after the service of this request.

Plaintiff hereby requests that all service and summons be served by the U.S. Marshalls, and that all papers filed here to fore be file stamped and copied and mailed to plaintiff.

8-27-08                                                   Rusty sms

                                                          [signature]
                                                          Plaintiff
                                                          In pro se.

I declare under penalty of perjury the foregoing true to the best of my knowledge. This was executed 8-27-08 in Marin county.

C07 05040 SBA                               10

Rusty Sims T-75226
S.Q.S.P.  1-AC-55
San Quentin, CA
94974

Confidential
Legal mail

Office of the Clerk  US District Clerk
Northern District of California  court
280 South First Street, Room 2112
San Jose, CA. 95113-3095

8/29/08

[signature]